# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| DAWN BROOKS,<br><br>        Plaintiff,<br><br>vs.<br><br>AMERICAN FAMILY INSURANCE COMPANY,<br><br>        Defendant. | No. 21-CV-95 CJW-MAR<br><br>**ORDER** |

    This matter is before the Court on defendant's motion for partial summary judgment, filed October 11, 2022, seeking dismissal of Count II of the complaint. (Doc. 13). Plaintiff filed a complaint arising out of an insurance policy ("Policy") issued by defendant, alleging breach of contract (Count I), bad faith (Count II), and seeking declaratory judgment (Count III). On December 1, 2022, the parties filed a joint stipulation of partial dismissal, stipulating to dismissal of Count II of the complaint with prejudice. (Doc. 16). For the following reasons, the Court **dismisses** Count II and **denies as moot** defendant's motion for partial summary judgment.

## I.  BACKGROUND

    On August 9, 2021, plaintiff filed suit in the Iowa District Court for Linn County against defendant arising from an alleged failure by defendant to pay for wind damage caused to plaintiff's home during the August 10, 2020 derecho. (Doc. 3, at 2-3). On October 14, 2021, defendant removed the case to this Court based on diversity of citizenship jurisdiction. (Doc. 1). On October 21, 2021, defendant filed an answer to plaintiff's complaint. (Doc. 5).

    On October 11, 2022, defendant filed the instant motion for partial summary judgment. (Doc. 13). On October 26, 2022, the Court granted plaintiff an extension of

time to respond to defendant's motion. (Doc. 15). Then on December 1, 2022, the parties filed their stipulation of dismissal of Count II of the complaint. (Doc. 16).

## II. DISCUSSION

In their stipulation of partial dismissal, the parties stipulate to dismissal of the bad faith claim, Count II of the complaint, "with prejudice." (Doc. 16, at 1). The parties filed their stipulation under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. (*Id.*). Rule 41(a)(1)(A)(ii) provides that a plaintiff may voluntarily "dismiss an action without a court order by filing: . . . a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A)(ii). Rule 41(a) permits the dismissal of "an action." FED. R. CIV. P. 41(a). This Rule, however, does not permit dismissal of less than all claims comprising an action. *See, e.g.*, *Perry v. Schumacher Grp. of Louisiana*, 891 F.3d 954, 958 (11th Cir. 2018) (finding stipulation of dismissal invalid because a stipulation of dismissal must dismiss entire action; "It is clear from the text that only an 'action' may be dismissed. There is no mention in the Rule of the option to stipulate dismissal of a portion of a plaintiff's lawsuit—e.g., a particular claim—while leaving a different part of the lawsuit pending before the trial court . . . . [A] joint stipulation of voluntary dismissal may be used to dismiss only an 'action' in its entirety."); *Gobbo Farms & Orchards v. Poole Chem. Co., Inc.*, 81 F.3d 122, 123 (10th Cir. 1996) (rejecting the use of Rule 41(a) to dismiss fewer than all claims in the action when all of the claims were asserted against only one defendant); *Bailey, Trustee for Bailey v. Clinic*, File No. 17-cv-02582 (ECT/TNL), 2019 WL 13218719, at *1 (D. Minn. May 28, 2019) (finding that Rule 41(a)(1)(A)(ii) does not permit dismissal of only some claims). Further, stipulated dismissals are also presumptively without prejudice. FED. R. CIV. P. 41(A)(1)(B); *Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1278 (11th Cir. 2012) ("[T]he plain language of Rule 41(a)(1)(A)(ii) requires that a stipulation filed pursuant to that subsection is self-executing and dismisses the case upon its becoming effective. The stipulation becomes effective upon filing unless it explicitly conditions its

effectiveness on a subsequent occurrence. District courts need not and may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction.").

Here, the parties seek to dismiss only one count of a three-count complaint, not the entire action, and they seek to dismiss that count with prejudice. Thus, the parties cannot invoke Rule 41(a)(1)(A)(ii) to dismiss Count II. Instead, the Court construes the Stipulation as a Motion to Dismiss Count II filed by defendant under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Consistent with the parties' intent, the Court grants that motion and dismisses Count II with prejudice. That renders defendant's motion for partial summary judgment moot and thus the Court will deny that motion as such.

### III.     CONCLUSION

For the reasons stated, the Court **grants** the parties' stipulation of partial dismissal (Doc. 16), which it construes as a motion to dismiss under Rule 12(b)(6). Count II of the complaint is **dismissed with prejudice**. Therefore, the Court **denies as moot** defendant's partial motion for summary judgment. (Doc. 13).

**IT IS SO ORDERED** this 6th day of December, 2022.

_____
C.J. Williams
United States District Judge
Northern District of Iowa